UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO VASQUEZ NUNEZ, et al.,<br><br>Defendants. | Case No. 22-cv-07136-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 29 |

Plaintiff Innovative Sports Management, Inc. moves for attorneys' fees and costs under 47 U.S.C. § 553(c)(2)(C). (Dkt. No. 29.)[1] Having carefully considered the briefing and determined oral argument was unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. Plaintiff is AWARDED $2,295 in attorneys' fees and $521.70 in costs, totaling $2,816.70.

**BACKGROUND**

Plaintiff alleged Fernando Vasquez Nunez (Nunez), Humberto Vasquez (Vasquez), and Emelina's Peruvian Restaurant (Emelina's) violated Plaintiff's domestic commercial exhibition rights when Defendants broadcast the *Peru v. Ecuador Soccer Match* (Program) on Tuesday, February 1, 2022, at Emelina's Peruvian Restaurant in San Carlos, California. (Dkt. No. 1.) Plaintiff holds the exclusive nationwide commercial distribution rights to the Program. (*Id.* ¶ 21.) Plaintiff alleged Defendants knowingly intercepted and then displayed the Program at Emelina's Peruvian Restaurant, or instructed or allowed the employees of Emelina's Peruvian Restaurant to do so, without authorization. (*Id.* ¶ 15.) Plaintiff brought claims for violation of the Federal

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Communications Act, 47 U.S.C. § 605, the Cable & Television Consumer Protection and

2  Competition Act, 47 U.S.C. § 553, California Business & Professions Code § 17200, and

3  conversion under state law.  (*Id*. ¶¶ 20-52.)

### A. Procedural Background

Plaintiff filed the Complaint on November 14, 2022.  (Dkt. No. 1.)  Nunez and Vasquez were served on January 26, 2023, and Emelina's was served on January 30, 2023. (Dkt. Nos. 13-15.)  On March 8, 2023, the clerk entered default against Defendants.  (Dkt. No. 21.)  On July 13, 2023, the Court granted in part and denied in part Plaintiff's motion for default judgment.  (Dkt. No. 28.)  The Court granted relief under 47 U.S.C. § 553 for $1,650 as to Emelina's and held Nunez and Vasquez jointly and severally liable.  (*Id*. at 1.)  The Court also granted relief for conversion as to Emelina's in the amount of $550.  (*Id*. at 13.)  In total, the Court awarded Plaintiff $2,200 from Emelina's, of which Nunez and Vasquez are jointly and severally liable for $1,650.  (*Id*.)

### DISCUSSION

Under 47 U.S.C. § 553, the Court may "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 553(c)(2)(C).  The Court awarded Plaintiff $1,650 in damages under 47 U.S.C. § 553 plus costs and reasonable attorneys' fees and directed Plaintiff to file its motion for attorneys' fees and costs within 14 days of the entry of judgment.  (Dkt. No. 28 at 12-13.)  Now before the Court is Plaintiff's motion for attorneys' fees and costs.  (Dkt. No. 29.)

The presumptive lodestar method for calculating attorneys' fees multiples the number of hours reasonably expended on the litigation by the reasonable hourly rate.  *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993); *see Innovative Sports Mgmt., Inc. v. Gutierrez*, No. 22-CV-05793-BLF, 2023 WL 4686018, at *1 (N.D. Cal. July 20, 2023) (applying lodestar method to calculate attorneys' fees for party prevailing on 47 U.S.C. § 553 claim).  "[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended.  Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or

2

otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (cleaned up); *Defenbaugh v. JBC & Assocs., Inc.*, No. C-03-0651 JCS, 2004 WL 1874978, at *3 (N.D. Cal. Aug. 10, 2004) ("The Court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive.").

In determining the reasonable hourly rate, the Court considers the experience, skill, and reputation of the attorneys requesting fees, as well as "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). "Where there is no opposition to a motion, or where the instant action is routine or substantially similar to prior actions brought by the same attorney, a court may find requests for attorneys' fees excessive." *Innovative Sports Mgmt., Inc.*, 2023 WL 4686018 at *1.

Plaintiff's request for $5,240.40 in fees was calculated based on a timesheet outlining the billable hours spent on the case. (Dkt. No. 29-1). However, this amount was not determined according to contemporaneous time records; rather, "[b]illable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves." (*Id.* ¶ 7.) The reconstructed timesheet yields the following totals:

- Lead Attorney time: 3.55 hours at $600.00 per hour, totaling $2,130.00.
- Research Attorney time: 6 hours at $325.00 per hour, totaling $1,950.00.
- Administrative Assistant time: 9.67 hours at $120.00 per hour, totaling 1,160.40.

(*Id.* at 10.)

Plaintiff requests reasonable hourly rates. *See Innovative Sports Mgmt., Inc.*, 2023 WL 4686018 at *2 (approving hourly rates of $600 for Attorney Riley, $325 for research attorney, and $120 for administrative assistant as reasonable); *Innovative Sports Mgmt., Inc. v. Arias*, No. C 22-05773 WHA, 2023 WL 4238494, at *1 (N.D. Cal. June 27, 2023) ("Plaintiff requests $10,291.90 in fees with the following breakdown: 6.05 hours of work at an hourly rate of $600 performed by Attorney Riley, 12.04 hours of travel by Attorney Riley billed at $300 an hour, 10.52 hours of

3

1  work at an hourly rate of $120 performed by two administrative assistants, and 5.50 hours of work
2  at an hourly rate of $325 performed by a research attorney. The hourly rates used in those
3  calculations are reasonable.").

4  The Court declines to award fees for work billed by the administrative assistant. "An award of fees for time spent by an administrative assistant is not consistent with the practice in the Northern District of California." *Innovative Sports Mgmt., Inc.*, 2023 WL 4686018, at *2. Apart from 15 minutes spent on public records research and an hour spent preparing the "Attorneys' Fees and Costs Bill," the administrative assistant's entries record only filings and review of the docket. (Dkt. No. 29-1.) "These are clerical tasks that should be subsumed in firm overhead rather than billed at paralegal rates." *Innovative Sports Mgmt., Inc. v. Arias*, 2023 WL 4238494, at *2.

Further reductions are warranted. Some billing entries note unnecessary or duplicative expenditures, as "[s]everal routine tasks include entries for both Attorney Riley and an administrative assistant." *Innovative Sports Mgmt., Inc. v. Arias*, 2023 WL 4238494, at *1. "This includes things like reviewing the filing of certificates of service and executed summons, which are clerical in nature and thus should have been subsumed in firm overhead." *Id.*; *see id.* at *2 ("[R]eview and filing the summons issued to defendant is of a clerical nature and thus should not be billed under attorney's fees."). One billing entry indicates a research attorney spent five hours preparing Plaintiff's motion for default judgment and one hour preparing Plaintiff's motion for attorneys' fees and costs, "yet [Counsel's] firm routinely files these sorts of claims and extensive research would not be necessary." *Id.* at *2. Indeed, Plaintiff's counsel says:

> With respect to the novelty and difficulty of the questions presented, while the filed of piracy law in general often involves novel and difficult question, this specific case did not present any unusual challenges. This case did not preclude counsel from taking any other employment, there were no time limits imposed by the client or the circumstances.

(Dkt. No. 29 at 5.) As such, the research attorney's and Counsel's billable amounts are separately reduced by 25 percent, which brings the total billable amount to $3060.

Because Plaintiff's billing records were not created contemporaneously, "they are

4

inherently less reliable and susceptible to time inflation." *Innovative Sports Mgmt., Inc.*, 2023 WL 4686018 at *2; *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983) ("[T]he District Court properly considered the reasonableness of the hours expended, and reduced the hours of one attorney by thirty percent to account for his inexperience and failure to keep contemporaneous time records."). Accordingly, the billable amount is reduced further by 25 percent. *See Innovative Sports Mgmt., Inc.*, 2023 WL 4686018, at *2; *Innovative Sports Mgmt., Inc. v. Arias*, 2023 WL 4238494, at *3 ("This order finds this billing method less reliable than a contemporaneous time record and susceptible to time inflation, and thus reduces the fees award by twenty-five percent."). A 25% reduction in the billable amount of $3060 brings the total fee amount to $2,295. This amount comports with the attorneys' fees awards for Counsel's work in similar matters. *See J & J Sports Prods., Inc. v. Concepcion*, No. C 10-05092 WHA, 2011 WL 2220101 at App. (N.D. Cal. June 7, 2011) (recording fee awards for Attorney Riley's work in similar cases); *Innovative Sports Mgmt., Inc.*, 2023 WL 4686018, at *3 (awarding $2,042.36 in attorneys' fees); *Innovative Sports Mgmt., Inc. v. Arias*, 2023 WL 4238494, at *3 (awarding $2,699.75 in attorney's fees).

Plaintiff also seeks costs in the amount of $1,359.74, consisting of $750 for investigative expense, $88.04 for courier charges, $402 for the complaint filing fee, and $119.70 for service of process charges. (Dkt. No. 29-1 at 10.) Costs should be limited to the complaint filing fee and the service of process charges. *Innovative Sports Mgmt., Inc.*, 2023 WL 4686018, at *3; *Innovative Sports Mgmt., Inc. v. Arias*, 2023 WL 4238494, at *2 ("Costs should be limited to the complaint filing fee, the service of process charges, and the transcript fees. Pre-filing investigative costs are not costs incurred in prosecuting the lawsuit and thus not recoverable." (cleaned up)); *see* Civ. L. R. 54-3. Thus, the total costs award is $521.70.

//
//
//
//
//
//

**CONCLUSION**

Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Plaintiff is AWARDED $2,295 in attorneys' fees and $521.70 in costs, totaling $2,816.70.

This Order disposes of Docket No. 29.

**IT IS SO ORDERED.**

Dated: September 18, 2023

JACQUELINE SCOTT CORLEY
United States District Judge